IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

UNITED STATES OF AMERICA,                    07-CR-535-BR

               Plaintiff,           OPINION AND ORDER

v.

MARCEL ROY BENDSHADLER,

               Defendant.


DWIGHT C. HOLTON
United States Attorney
ALLAN M. GARTEN
MICHELLE HOLMAN KERIN
Assistant United States Attorneys
1000 S.W. Third Ave., Suite 600
Portland, OR 97204-2902
(503) 727-1000

       Attorneys for Plaintiff

PHILIP A. LEWIS
111 S.W. Fifth Avenue
Suite 1650
Portland, OR 97204
(503) 226-3498

       Attorney for Defendant Marcel Roy Bendshadler

1 - OPINION AND ORDER

**BROWN, Judge.**

This matter comes before the Court on Defendant Marcel Roy Bendshadler's Motion (#474) for Release Pending Appeal.

For the reasons that follow, the Court **DENIES** Defendant's Motion.

## BACKGROUND

On December 20, 2007, a grand jury indicted Defendants Joseph Oquendo Saladino, Richard Allen Fuselier, Marcel Roy Bendshadler, Michael Sean Mungovan, and Richard J. Ortt on one count of Conspiracy to Defraud in violation of 18 U.S.C. § 371.

On November 23, 2009, the jury found Bendshadler guilty of the charge.

On August 11, 2010, the Court issued an Opinion and Order denying Defendant's Motions for New Trial and for Judgment of Acquittal on the ground that Defendant had not established (1) he was denied the right to testify that he was acting in good faith or (2) he was denied effective assistance of counsel because his previous trial counsel failed to assert his right to testify and failed to develop and to produce evidence concerning his mental illness.

On September 14, 2010, the Court sentenced Defendant to a term of imprisonment of 15 months. The Court also ordered

2 - OPINION AND ORDER

Defendant to surrender to the custody of the United States

Marshal on October 15, 2010, to begin serving his sentence.

On September 17, 2010, Defendant filed a Notice of Appeal.

On September 20, 2010, Defendant filed the pending Motion

for Release Pending Appeal.

## STANDARDS

18 U.S.C. § 3143(b) provides in pertinent part:

> [T]he judicial officer shall order that a person
> who has been found guilty of an offense and
> sentenced to a term of imprisonment, and who has
> filed an appeal or a petition for a writ of
> certiorari, be detained, unless the judicial
> officer finds--
>
> > (A) by clear and convincing evidence that the
> > person is not likely to flee or pose a danger
> > to the safety of any other person or the
> > community if released . . .; and
> >
> > (B) that the appeal is not for the purpose of
> > delay and raises a substantial question of
> > law or fact likely to result in--
> >
> > > (I) reversal,
> > > (ii) an order for a new trial,
> > > (iii) a sentence that does not include a
> > > term of imprisonment, or
> > > (iv) a reduced sentence to a term of
> > > imprisonment less than the total of the
> > > time already served plus the expected
> > > duration of the appeal process.
>
> If the judicial officer makes such findings, such
> judicial officer shall order the release of the
> person in accordance with section 3142(b) or (c)
> of this title.

A substantial question is one that is "fairly debatable,"

*United States v. Handy*, 761 F.2d at 1283 (citing *D'Aquino v. United States*, 180 F.2d 271, 272 (9ᵗʰ Cir. 1950)), "or fairly doubtful." *Id.* at 1283 (citing *United States v. Miller*, 753 F.2d 19, 23 (3d Cir. 1985)). *See also United States v. Montoya*, 908 F.2d 450, 450 (9ᵗʰ Cir. 1990). A substantial question is one of "'more substance than would be necessary to a finding that it was not frivolous'"; *i.e.*, a substantial question is not merely a "'close'" question. *Handy*, 761 F.2d at 1282 n.2, 1283 (quoting *United States v. Giancola*, 754 F.2d 898, 901 (11ᵗʰ Cir. 1985)).


## DISCUSSION

The government asserts Defendant has not established by clear and convincing evidence that his appeal raises a substantial question of law or fact likely to result in a reversal, an order for new trial, a sentence that does not include a term of imprisonment, or a reduced sentence. The Court agrees.

As noted, Defendant previously raised the issues of the alleged denial of the right to testify and the alleged denial of effective assistance of counsel in his Motions for New Trial and for Judgment of Acquittal. The Court, however, rejected Defendant's arguments. The Court notes Defendant has not raised any novel issues or close questions of law regarding these matters in his Motion for Release.

4 - OPINION AND ORDER

After a thorough review of the record, the Court concludes Defendant has not shown by clear and convincing evidence that his appeal raises a substantial question of law or fact within the meaning of 18 U.S.C. § 3143(b)(1)(B) or that it is likely to result in reversal, a new trial, a sentence that does not include a term of imprisonment, or a reduced sentence that would result in a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

Accordingly, the Court denies Defendant's Motion for Release Pending Appeal.  The Court's previous Order directing Defendant to surrender to the custody of the United States Marshal on October 15, 2010, remains in effect.

### CONCLUSION

For these reasons, the Court **DENIES** Defendant's Motion (#474) for Release Pending Appeal.

IT IS SO ORDERED.

DATED this 6th day of October, 2010.

/s/ Anna J. Brown

_____
ANNA J. BROWN
United States District Judge